FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFERY LAMONT POOL,<br><br>        Petitioner,<br><br>   v.<br><br>CRCC DEPARTMENT OF CORRECTION, DISTRICT COURT OF FRANKLIN COUNTY WA STATE, and WICHITA COUNTY TEXAS DA OFFICE,<br><br>        Respondent. | NO: 4:19-CV-5002-RMP<br><br>ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING PETITION |

    Petitioner, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Because it appears Petitioner lacks sufficient funds to prosecute this action, his request to proceed *in forma pauperis* is granted and this action may proceed without payment of the filing fee.

ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY
DISMISSING PETITION ~ 1

An initial defect with the Petition is that it fails to name a proper party as Respondent. The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Stanley v. Cal. Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360.

In addition, Petitioner fails to identify the Washington state court judgment and sentence he is challenging or allege that his present custody is unconstitutional. Rather, it appears Petitioner is challenging the lawfulness of his past extradition from Washington to Texas in December 2017. He indicates that he was convicted of criminal charges in Texas and sentenced to 99 years' incarceration on August 20, 2019 [sic]. ECF No. 1 at 13. By this action, he seeks the dismissal of "all matters after the fact of the illegal extradition." *Id.* at 15. To the extent Petitioner is challenging the constitutionality of his conviction and sentence in Texas, this Court has no jurisdiction to consider his federal habeas petition.

Petitioner contends that after he refused to sign extradition papers, he was kidnapped, abducted, and denied access to the Washington courts to appeal because of an alleged "conspiracy plot" between the Texas Department of Corrections and Franklin County, Washington. ECF No. 1 at 1, 2 and 7. Petitioner

ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING PETITION ~ 2

contends that he was denied the right to meaningfully contest his extradition while in Washington State. *Id.* at 56. Petitioner states he presented his claims to Texas courts who lacked jurisdiction. *Id.* at 13. According to the documents attached to the Petition, the Texas appellate court determined, based on Texas law, that pretrial habeas proceedings were not an appropriate avenue for raising a claim related to the Interstate Agreement on Detainer's Act (IAD), and therefore, it lacked jurisdiction. *Id.* at 64–67 (Memorandum Opinion by Court of Appeals, Second District of Texas, Fort Worth, No. 02-18-00124-CR).

On February 28, 2018, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court, Northern District of Texas (Wichita Falls), *Pool v Duke*, 7:18-cv-00027-O-BP.[1] Respondent Duke argued on August 6, 2018, that "[t]he extradition documents presented to the Washington court were in order; Pool was charged with a crime in Texas at the time of his extradition; he was, in fact, the same person who was named in the request for extradition; and he was a fugitive from Texas." *Id.*, ECF No. 20 at 4–5.

By December 12, 2018, Petitioner had been sentenced in the Wichita County, Texas case and had a pending appeal that was filed on October 11, 2018. *Id.*, ECF No. 24 at 3. A magistrate judge recommended dismissing the federal

---

[1] *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (appropriate to take judicial notice of materials from another tribunal).

ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY
DISMISSING PETITION ~ 3

habeas petition without prejudice as the attack on the extradition to Texas was moot because that court could afford no relief for a completed extradition and the habeas claims were unexhausted in the Texas courts. *Id.*, ECF No. 24 at 3–5. Petitioner did not keep that court apprised of his address and mail was returned as undeliverable. Judgement was entered on January 2, 2019. *Id.*, ECF No. 27.

Petitioner's current challenge to the lawfulness of his extradition appears to be foreclosed by the Supreme Court's decisions in *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) and *Ker v. Illinois*, 119 U.S. 436, 441 (1886) (collectively the "*Ker-Frisbie* doctrine"). In those cases, the Court established the rule that the manner in which a defendant is brought to trial does not affect the ability of the government to try him. Petitioner presents no facts that would exempt application of the *Ker-Frisbie* doctrine. *See United States v. Matta-Ballesteros,* 71 F.3d 754, 762–63 (9th Cir. 1995). In any event, a Texas state court determined that it had jurisdiction over Petitioner, tried him, and convicted him. This Court can grant Petitioner no relief in this habeas proceeding.

Therefore, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing Section 2254 Cases.

The District Court Clerk is directed to enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken

ORDER TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING PETITION ~ 4

in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** March 21, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge